# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DONALD STEPHENS                                                             PLAINTIFF

V.                                    4:18CV00860 JM

WAITR INCORPORATED                                        DEFENDANT

## ORDER

Pending is the Defendant Waitr Incorporated's Motion to Compel Arbitration and Stay Judicial Proceedings. Plaintiff Donald Stephens responded to the motion and Waitr Incorporated ("Waitr") replied. For the reasons set forth below, the motion is granted.

W. Chad Murray, the Director of Human Resources for Waitr, extended a written offer of employment to Donald Stephens on January 14, 2018 (the "Offer of Employment" or "Offer"). The Offer stated the terms of the employment contract, including the amount of compensation, job title, position supervisor, work location, start date, and benefits. The Offer also included a paragraph regarding arbitration "in the event of any dispute or claim relating to or arising out of our employment relationship." (ECF No. 5, p. 6). The Offer was signed by Mr. Murray and included a place for Mr. Stephens' signature if he accepted "the terms and conditions set forth in this offer letter." Mr. Stephens signed the Offer of Employment with Waitr on January 15, 2018. According to the Amended Complaint, Waitr unlawfully terminated Mr. Stephens on February 15, 2018. Mr. Stephens contends that he was terminated by Waitr based on his gender and race in violation of Title VII, §§ 1981 and 1988, and the Arkansas Civil Rights Act.

Waitr filed a Motion to Compel Arbitration and Stay Judicial Proceedings because the employment Offer contained a mandatory arbitration provision. Mr. Stephens argues that (1) the

Offer contemplated the parties signing a separate arbitration agreement, (2) the terms of the Offer expired 7 calendar days from the date of the offer, and (3) the terms of any arbitration requirement in the Offer were not sufficiently detailed to permit him to determine whether it was unconscionable.

When a party moves to compel arbitration, the Court's role is to determine whether there is an agreement between those parties and whether the subject matter of the dispute falls within the scope of the agreement. *I.S. Joseph Co. v. Michigan Sugar Co.*, 803 F.2d 396, 399 (8th Cir.1986). The Court must examine arbitration agreements in the same light we examine any other contractual agreement. *See Perry v. Thomas*, 482 U.S. 483, 492 & n. 9, 107 S.Ct. 2520, 2526-27 & n. 9, 96 L.Ed.2d 426 (1987). The Federal Arbitration Act mandates that courts direct parties to arbitration on issues to which an arbitration agreement has been signed. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). There is a presumption of arbitrability if the governing agreement contains an arbitration clause. *See AT & T Tech. Inc. v. Communications Workers of America*, 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986). "[A]rbitration should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *IBEW, Local No. 4 v. KTVI-TV, Inc.,* 985 F.2d 415, 416 (8th Cir. 1993) (internal quotation and citation omitted). Courts must resolve ambiguities as to the scope of an arbitration clause in favor of arbitration. *See id.* However, a party who has not agreed to arbitrate a dispute cannot be forced to do so. *ITT Hartford Life & Annuity Ins. Co. v. Amerishare Investors, Inc.,* 133 F.3d 664, 668 (8th Cir. 1998) (citing *AT & T Tech.*, 475 U.S. at 648, 106 S.Ct. at 1418)).

Mr. Stephens accepted the written Offer of Employment which included an arbitration clause. The clause states, in pertinent part:

> In the event of any dispute or claim relating to or arising out of our employment relationship, you and the Company agree that (i) any and all disputes between you and the Company shall be fully and finally resolved by binding arbitration, (ii) you are waiving any and all rights to a jury trial but all court remedies will be available in arbitration, (iii) all disputes shall be resolved by a neutral arbitrator who shall issue a written opinion and (iv) the arbitration shall provide for adequate discovery.

(ECF No. 5 p. 6).

The Offer includes the statement, "Please note that we must receive your signed Agreement before your first day of employment." *Id.* The only reference to a separate "Agreement" contained in the Offer is a "Confidential Information Invention Assignment Agreement." *Id.* The Confidential Information Invention Assignment Agreement is not relevant here. There is no evidence that a separate arbitration agreement existed or was contemplated by the parties.

Mr. Stephens contends that the terms of the Offer expired 7 days after the date of the Offer. Mr. Stephens apparently argues that all terms expired on January 21, 2018. He has failed to provide any evidence to prove this argument. There is no evidence that Mr. Stephens' compensation, title, supervisor, work location, start date, and benefits expired on January 21, 2018 after he accepted the offer on January 15, 2018. The Offer and its terms would only expire in 7 days if Mr. Stephens did not agree to it.

Mr. Stephens contends that the terms of any arbitration requirement in the Offer were not sufficiently detailed to permit him to determine whether it was unconscionable. He does not state how the requirement might be unconscionable as it relates to him. "When reviewing an arbitration clause, we ask only whether a valid arbitration agreement exists and, if so, whether the particular dispute falls within the terms of that agreement." *Dickson v. Gospel for ASIA, Inc.*,

3

902 F.3d 831, 834 (8th Cir. 2018), reh'g denied (Oct. 30, 2018) (citing *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004)). State contract law governs whether an arbitration agreement is valid. *Id.* Under Arkansas law, the burden of proving unconscionability is upon the party asserting the defense. *Poff v. Brown*, 288 S.W.3d 620 (Ark. 2008).

> We have stated that, in assessing whether a particular contractual provision is unconscionable, the courts review the totality of the circumstances surrounding the negotiation and execution of the contract. Two important considerations are whether there is a gross inequality of bargaining power between the parties and whether the aggrieved party was made aware of and comprehended the provision in question.

*GGNSC Holdings, LLC v. Lamb By & Through Williams*, 487 S.W.3d 348, 357 (Ark. 2016) (citing *Jordan v. Diamond Equip. & Supply Co.*, 362 Ark. 142, 156, 207 S.W.3d 525, 535 (2005)).

Mr. Stephens has failed to demonstrate that the terms of the agreement or the method of negotiation and execution were unconscionable. Further, there is no evidence that he failed to comprehend the terms of the agreement. The Offer was only two pages long. The clause regarding arbitration was not hidden and was clearly written. Mr. Stephens accepted the terms which were clearly stated in the Offer when he signed it.

The Court finds that the agreement to arbitrate in the Offer is valid and Mr. Stephens' allegations regarding his termination are within the terms of that agreement. Therefore, the Court must compel the parties to arbitrate the dispute. *See I.S. Joseph Co. v. Michigan Sugar Co.*, 803 F.2d 396, 399 (8th Cir. 1986).

In conclusion, Defendant's Motion to Compel Arbitration and to Stay the Proceedings (ECF NO. 5) is GRANTED. The case will be stayed pending resolution of the arbitration proceedings. The parties are directed to provide the Court with a status report within thirty (30) days of completion of the arbitration.

IT IS SO ORDERED this 10th day of January 2019.

*James M. Moody Jr.*
United States District Judge